Eddie A. PENNYPACKER; Jonathan
Blake Lewis, Plaintiffs-
Appellees

v.

The CITY OF PEARL, MISSISSIPPI;
Mayor Brad Rogers, Individually;
Melvin Myers, Individually, also
known as Scooter, Defendants-Appel-
lants

No. 16-60688

United States Court of Appeals,
Fifth Circuit.

Filed May 12, 2017

Robert Nicholas Norris, Louis Hanner
Watson, Jr., Esq., Watson & Norris,
P.L.L.C., Jackson, MS, for Plaintiffs-Ap-
pellees

Gary Erwin Friedman, Esq., Gregory
Todd Butler, Esq., Phelps Dunbar, L.L.P.,
Jackson, MS, for Defendants-Appellants

Before JONES, CLEMENT, and
HIGGINSON, Circuit Judges.

PER CURIAM: *

Plaintiffs Eddie A. Pennypacker and
Jonathan Blake Lewis brought a complaint
arising out of their terminations from the
Pearl Municipal Golf Course. They allege
that they were fired for reporting their
supervisor Melvin "Scooter" Myers's mis-
use of city resources to Mayor Brad Rog-
ers. According to plaintiffs, Mayor Rogers
terminated them after holding a hearing,
and then the City of Pearl's seven-member
Board of Aldermen sustained the termi-
nations.

Plaintiffs asserted claims under federal
and state law, including a claim for First
Amendment retaliation brought under 42
U.S.C. § 1983. The district court granted
in part and denied in part defendants'
motion for summary judgment. In so rul-
ing, the district court did not address the
individual defendants' request for qualified
immunity; nor did it identify any of the
material factual issues that it found to be
in dispute.

The City of Pearl, Mayor Rogers, and
Myers appeal the district court's denial of
summary judgment on plaintiffs' claim for
First Amendment retaliation brought un-
der § 1983. Based on our review of the
briefs, the record, the applicable law, and
the arguments of counsel, we REVERSE
the district court's denial of summary
judgment on plaintiffs' First Amendment
retaliation claim. Plaintiffs concede that
Mayor Rogers and Myers were not the
final decision-makers responsible for their
terminations. It is not clearly established
in this circuit whether these individual de-
fendants may be held personally liable for
First Amendment retaliation under
§ 1983. See Culbertson v. Lykos, 790 F.3d
608, 627 (5th Cir. 2015); Johnson v. Louisi-
ana, 369 F.3d 826, 831 (5th Cir. 2004)
("[O]nly final decision-makers may be held
liable for First Amendment retaliation em-
ployment discrimination under § 1983.").
Accordingly, we GRANT summary judg-
ment based on qualified immunity in favor
of Mayor Rogers and Myers. We further
DISMISS the appeal brought by the City
of Pearl for lack of pendent appellate juris-
diction. See McKee v. City of Rockwall, 877
F.2d 409, 412-13 (5th Cir. 1989).

On remand, Judge Wingate is directed to deliver this case to the Chief Judge of the Southern District of Mississippi for reassignment. *See In re State of Miss.*, No. 16-60610 (5th Cir. Sept. 29, 2016).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.